UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

JUAN J. MARCANO,

    Plaintiff,

vs.

HABITAT FOR HUMANITY OF
MARTIN COUNTY, INC.,
a Florida Not for Profit corporation,

                      **Jury Trial Demanded**

    Defendant.
_____/

## COMPLAINT

The Plaintiff, Juan J. Marcano, by his undersigned attorney, makes the following Complaint against the Defendant, Habitat for Humanity of Martin County, Inc.:

### Jurisdiction and Venue

1. This action is brought to redress violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617(2) and 28 U.S.C. § 1331.

2. The Defendant resides in this district, the claims asserted in this action arose within this district, and the alleged statutory violation occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617(2) and 28 U.S.C. § 1391.

### Parties

3. The Plaintiff, Juan J. Marcano ("Marcano"), is and at all times relevant to this complaint was an adult citizen and resident of the State of Florida.

4. The Defendant, Habitat for Humanity of Martin County, Inc. ("HHMC"), is and at all times relevant to this complaint was a not-for-profit corporation organized and doing business pursuant to the laws of the State of Florida with a principal place of business in Martin County, Florida.

## General Allegations

5. Marcano began employment by HHMC in the year 2020 and was employed by HHMC for almost two years.

6. Marcano was employed in the position of ReStore Director.

7. Marcano performed his work diligently and satisfactorily.

8. In or about October 2021, during the course of his employment, Marcano was diagnosed with colorectal cancer.

9. Colorectal cancer is a serious health condition that requires continuing treatment, including multiple doctor's visits, for an indefinite period of time.

10. Marcano made HHMC aware of his health condition and of his need for periodic absences from work to obtain treatment.

11. Marcano took paid time off from his employment to undergo surgical treatment for his cancer. The surgery and surgical recovery made Marcano incapacitated and unavailable for work for more than three consecutive days.

12. Marcano returned to work after his surgery with certain accommodations for his physical condition.

13. Marcano's doctors concluded that he needed chemotherapy and additional procedures, including a future surgery, to continue treating his cancer.

14. During February and March 2022, Marcano advised the executive director of HHMC that he would need time off in the future for additional cancer treatment, including surgery, and would need to take that time off intermittently.

15. Marcano would have been unable to perform the functions of his position at intermittent future times, including periods of three or more consecutive days, while obtaining treatment for his cancer, including surgery and recovery from surgery.

16. Marcano gave HHMC as much information as he had about his need for time off for future treatment and advised HHMC that he would provide more specific notice of his need for time off after future treatment was scheduled.

17. Before Marcano made a formal request for the FMLA leave that he anticipated he would need and that HHMC knew he would be requesting, HHMC terminated his employment.

18. Marcano's employment was terminated on April 1, 2022, less than three months after he returned to work and less than two months after advising HHMC that he would need time off from work to obtain cancer treatment.

## FMLA Eligibility

19. HHMC had 50 or more employees on each working day during each of 20 or more workweeks during calendar years 2021 or 2022.

20. At all times relevant to this Complaint, HHMC had at least 50 employees working within 75 miles of the worksite where Marcano was employed.

21. At all times relevant to this complaint, HHMC was an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

22.     Marcano was employed by HHMC for more than 12 months and worked for more than 1,250 hours of service within the 12 months prior to the date on which he made HHMC aware of his need for an FMLA leave.

23.     At all times relevant to this complaint, Marcano was an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

### First Claim: Interference with FMLA Rights

24.     Nichols realleges and incorporates paragraphs 1 to 23 of this Complaint.

25.     During his employment by HHMC, Marcano suffered from a serious health condition as that term is defined by the FMLA.

26.     Marcano was eligible for a benefit provided by the FMLA: intermittent leaves of absence to obtain treatment for his serious health condition.

27.     Marcano gave HHMC notice of his need for an FMLA benefit.

28.     HHMC was aware of Marcano's intent to request leaves of absences on specific dates after additional treatment was scheduled.

29.     HHMC interfered with Marcano's right to obtain an FMLA benefit by terminating his employment before he could obtain the benefit.

30.     As a direct, proximate, and substantial result of the interference with Marcano's rights under the FMLA, Marcano suffered harm, including but not limited to a loss of wages and benefits.

### Second Claim: FMLA Retaliation

31.     Marcano realleges and incorporates paragraphs 1 to 23 of this Complaint.

32.     During his employment by HHMC, Marcano suffered from a serious health condition as that term is defined by the FMLA.

33. Marcano was eligible for a benefit provided by the FMLA: intermittent leaves of absence to obtain treatment for his serious health condition.

34. Marcano gave HHMC notice of his need for intermittent leaves to treat his serious health condition.

35. Marcano engaged in activity protected by the FMLA by giving HHMC notice of his intent to take intermittent leaves that were subject to the protections of the FMLA.

36. HHMC knew that Mercano had engaged in activity protected by the FMLA.

37. HHMC terminated Mercano's employment because he engaged in activity protected by the FMLA.

38. By terminating Mercano's employment, HHMC discriminated against Mercano in violation of 29 U.S.C. § 2615(a)(2).

39. As a direct, proximate, and substantial result of the above-described discrimination, Mercano suffered harm, including but not limited to a loss of wages and benefits.

## Relief Requested

WHEREFORE, Plaintiff Juan J. Mercano requests judgment against Defendant Habitat for Humanity of Martin County, Inc. for:

a. lost wages, the value of lost benefits, and other monetary losses in amounts to be proved at trial;

b. liquidated damages equal to the sum of the monetary losses requested above;

c. reinstatement or an award of future wage loss and such other equitable or injunctive relief as the court deems just;

      d.      an award of reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3); and

      e.      such further relief as is just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: May 24, 2022

/s/ *Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*